CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 29 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTINA ACKER, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00365 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, et al., | ) | By: Hon. Glen E. Conrad |
| Respondents. | ) | United States District Judge |

The petitioner, Christina Acker, proceeding pro se, filed this action as a petition for writ of mandamus. For the following reasons, the court concludes that the petition must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).*

Background

Acker, an Arizona inmate, is presently incarcerated at Fluvanna Correctional Center for Women (FCCW), pursuant to the Interstate Corrections Compact. See Va. Code § 53.1-216; Ariz. Rev. Stat. § 31-491. In her petition, Acker alleges that her federal and state rights have been violated by officials in Arizona, Maryland, and Virginia since the early 1990s. Acker seeks orders directing officials from these states to take particular actions, including the following: an order directing the Arizona Department of Corrections to transfer her to a federal prison in the Northeastern part of the United States; an order directing FCCW to set up a storage space for excess legal documents; an order directing FCCW to provide all of her prescription medications without requiring a co-pay; an order directing FCCW to permit her to receive a holiday food package twice a year; an order directing FCCW to serve her kosher meals; an order directing FCCW to hire at least one paralegal with prisoner litigation experience to work in the law library; and an order requiring the Departments of Corrections in Arizona, Maryland, and Virginia to adequately train their

---

*Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

employees regarding the rights of inmates.

## Discussion

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). The party seeking mandamus relief carries the heavy burden of showing that she has "no other adequate means to attain the relief [she] desires," and that her right to such relief is "clear and undisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

In this case, it is clear that Acker has not made such a showing. To the extent Acker challenges the conditions of her confinement and alleges that state officials have violated her constitutional rights, her claims may be addressed in a civil rights action under 42 U.S.C. § 1983. Additionally, it is well established that mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. See MacGuire v. Henry, 1992 U.S. App. LEXIS 13613, *4 (4th Cir. 1992) (citing Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969)). The federal mandamus statute cited by Acker, 28 U.S.C. § 1361, applies only to "an officer or employee of the United States or any agency thereof." It does not apply to state officials or agencies. See AT&T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment, 172 F.3d 307, 312 n.3 (4th Cir. 1999). Consequently, because the relief sought by Acker is not available by way of mandamus, her petition must be dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondents, if known.

ENTER: This 20th day of June, 2006.

/s/ Glen␣E.␣Conrad
United States District Judge

2